# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **LELAND M. JOHNSON** | **CIVIL ACTION NO. 06-1730** |
| **VS.** | **SECTION P** |
| **ALVIN JONES, ET AL.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff Leland M. Johnson filed a civil rights complaint (42 U.S.C. §1983) on August 22, 2006.[1] When he filed his suit he was an inmate at the River Bend Detention Center, Lake Providence, Louisiana. [doc. 1] However, on September 13, 2006 he advised the court that he had been transferred to the Richland Parish Detention Center, Rayville, La. [doc. 3] On November 15, 2006 plaintiff's *in forma pauperis* application was granted and the order allowing him to proceed *in forma pauperis* was mailed to him at the address he supplied in the September 13, 2006 letter. [doc. 8] On December 1, 2006, that correspondence was returned to the court with the notation that he was no longer incarcerated at the facility. [doc. 9] Attempts to locate plaintiff *via* the VineLink inmate data base have also proven unsuccessful.[2]

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of

---

[1] Plaintiff filed his suit in the United States District Court for the Middle District of Louisiana on August 22, 2006. That court transferred the suit to this court on October 4, 2006.

[2] See http://www.vinelink.com/pickplat.jsp?stateCode=LA

1

the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an

aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 12th day of January, 2007.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE